1

2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

3

4

TANIS JOCELYN WATT,                          No.  C 05-05234 SBA

          Plaintiff,                                    **ORDER**

5

6

     v.                                              [Docket Nos. 21, 25, 34]

DAVID LEE ROTH, *et al.*,

7

          Defendants.

8

_____

9

10                                    **INTRODUCTION**

11          Before the Court are plaintiff's Motion to Reopen Case [Docket No. 21]; Motion to Reopen

12   Case, Motion to Set Aside Order [Docket No. 25]; and Motion to Set Aside Judgment [Docket

13   No. 34].  Plaintiff seeks to reopen this matter, which the Court dismissed as frivolous and meritless.

14   Plaintiff delayed by over one year after dismissal before filing these motions requesting relief under

15   Federal Rules of Procedure 4, 8, 60(a), 60(b)(1) through 60(b)(4), and 60(b)(6), and under 28 U.S.C.

16   § 1655.  As discussed below, except for Rule 60(b)(6), plaintiff does not qualify for relief under

17   these rules or § 1655.  As for Rule 60(b)(6), the Court is uncertain whether plaintiff qualifies for

18   relief under it.  Thus, the Court will allow her two weeks to file a declaration, with the burden to

19   show the one-year delay was due to circumstances beyond her control, and she did not know about

20   her dismissal despite her exercise of due diligence in prosecuting her matter.

21                                    **BACKGROUND**

22          On December 19, 2005, plaintiff proceeding *in propria persona*, filed her initial complaint in

23   this matter, providing Urban Ministry of Palo Alto, Box 213, Palo Alto, CA  94302-213 as her

24   address.  *See* Docket No. 1 at 1.  This same day, she filed Motion for Leave to Proceed *In Forma*

25   *Pauperis* ("IFP").  See Docket No. 2.  On May 26, 2006, plaintiff filed an Amended Complaint.  *See*

26   Docket No. 11 at 1.  On the first page of this pleading, plaintiff indicated her new address was San

27   Bruno Catholic Church, Box 386, Brisbane, CA  94005-386.  *See* Docket No. 11 at 1.

28   ///

On July 7, 2006, the Court denied plaintiff's IFP motion, and dismissed her Amended Complaint with prejudice, on the grounds it was frivolous, i.e., meritless, baseless, fantastic, delusional, *et seq*. *See* Docket No. 12. The Clerk of the Court entered the Order into the docket on July 10, 2006. *See id.* Unbeknownst to the Court, however, on July 5, 2006, plaintiff had paid her filing fee. *See* Docket entry for 7/5/2006. The Clerk of the Court, however, did not enter this information into the docket until July 7, 2006, *see id.*, the same day the Court dismissed this matter with prejudice. On July 18, 2006, the United States Postal Service returned as undeliverable two copies of the Court's order separately mailed to plaintiff's Brisbane address. See Docket Nos. 13-14. The Postal Service indicated the addressee was unknown. *Id.* On December 15, 2006, plaintiff filed a Reply Memorandum regarding Proposed Amended Complaint indicating she still resided at the Brisbane address. *See* Docket No. 15 at 1.

On January 9, 2007, plaintiff filed a Request for Default against defendant Roth, still indicating she resided at the Brisbane address. *See* Docket No. 16. On January 12, 2007, the Clerk of the Court declined the request as the Court had dismissed this matter and indicated the Court's Order had been returned as undeliverable. *See* Docket No. 17. On January 29, 2007, the Clerk's declination was returned by the Postal Service as "attempted - not known[,] unable to forward[.]"

On September 7, 2007, plaintiff filed a Notice of Change of Address indicating she was residing at the Palo Alto address on her initial complaint. *See* Docket No. 20. This same day, she filed her first motion to reopen this matter on the grounds she had paid her filing fee, the Court had addressed her mail incorrectly, and the Postal Service had erred in an unspecified manner. *See* Docket No. 21. Plaintiff, however, provided no legal basis for reopening this matter. On September 14, 2007, plaintiff filed her second motion to reopen this matter, asserting the same grounds in her first motion, but asserting she had legal grounds to make her request under Federal Rule of Civil Procedure 8(b) through (d) and 60(a), (b)(1), (b)(2), or (b)(6), or under 28 U.S.C. § 1655. *See* Docket No. 25. On September 28, 2007, plaintiff filed her third motion to reopen, now asserting additional legal grounds under Federal Rule of Civil Procedure 4(n) and 4(n)(2), 60(b)(4).

///

///

2

**LEGAL STANDARD**

Rule 4(n) addresses the proper method of service of process in order for a court to assert jurisdiction over property or assets.  *See* Fed. R. Civ. P. 4(n).  Rule 8(b) addresses how a party should respond to a pleading, generally when answering, when raising defenses, admissions, or denials.  *See id.* 8(b).  Rule 8(c) addresses how to plead affirmative defenses and which ones must be pled when answering.  *See id.* 8(c).  Rule 8(d) addresses the formal structure of pleadings, including pleading in the alternative, *et seq.  See id.* 8(d).  Section 1655 of title 28 states in part:

> In an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district, where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain.

28 U.S.C. § 1655 para. 1.

Neither Rule 4, Rule 8, nor § 1655 have anything to do with vacating a final order or judgment.

In contrast, Rule 60(a) provides, "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Fed. R. Civ. P. 60(a).  Likewise, Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

*Id.* 60(b); *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007).

///

In turn, Rule 60(c) provides the timing requirements for relief under Rule 60(b).  "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.* 60(c)(1); *Delay*, 475 F.3d at 1044 (quoting predecessor Rule 60(b) sentence 2).

## ANALYSIS

**I.      Plaintiff is not entitled to relief under Rule 60(a).**

Rule 60(a) allows a court to correct clerical errors in its orders.  It provides, however, "a specific and very limited type of relief."  *In re Transtex. Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).

> Rule 60(a) finds application where the record makes apparent that the court intended
> one thing but by merely clerical mistake or oversight did another.  Such a mistake
> must not be one of judgment or even of misidentification, but merely of recitation, of
> the sort that a clerk or amanuensis might commit, mechanical in nature.

*Id.* (quoting *In re W. Tex. Mktg. Corp.*, 12 F.3d 497, 503 (5th Cir. 1994) (quoting *Dura-Wood Treating Co., Div. of Roy O. Martin Lumber Co. v. Century Forest Ind., Inc.*, 694 F.2d 112, 114 (5th Cir. 1982) (internal citations and quotations omitted in original))).

Here, the Court intended to dismiss plaintiff with prejudice, and it did.  Thus, there is no "clerical" error which the Court may correct under Rule 60(a).

**II.      Plaintiff is time barred from obtaining relief under Rule 60(b)(1) through (3).**

In this case, plaintiff did not file her first motion to reopen until September 7, 2007, or 14 months after the Court's July 7, 2006 Order dismissing this matter with prejudice.  Under Rule 60(c)(1), plaintiff had only year, or until July 7, 2007 to file for relief under Rule 60(b)(1) through (3), which she did not.  Nor can she claim her failure to receive the Court's Order tolls any part of this period.  Under Civil Local Rule 3-9, all persons proceeding without an attorney are bound by the Federal Rules of Civil Procedure and the Civil Local Rules, subject to sanctions for noncompliance.  Further, under Civil Local Rule 3-11 plaintiff had a duty to keep the Court updated with her current address.  And, under Civil Local Rule 3-4 she was required to provide her contact information on every paper presented for filing.  Here, she continuously provided the Court with a

4

Brisbane address, apparently to her own detriment.  She cannot ascribe this error to anyone other than herself.  Further, had she diligently prosecuted her matter and checked her docket regularly, she could have discovered the error in time to correct it.  Thus, she cannot toll any of her post-dismissal delay in filing for purposes of complying with Rule 60(c)(1).  Thus, she is time barred from obtaining relief under Rule 60(b)(1) through (3).

**III.   Plaintiff is not entitled to relief under Rule 60(b)(4).**

Rule 60(b)(4) allows a Court to vacate a void judgment.  A judgment is void when a court lacks subject matter jurisdiction, personal jurisdiction, or acts in a manner inconsistent with due process. *Tomlin v. McDaniel*, 865 F.2d 209, 210 (9th Cir. 1989); *Thomas P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica*, 614 F.2d 1247, 1255-56 (9th Cir. 1980).  Plaintiff has not indicated any of these issues apply here, and the Court finds they do not.  She is thus not entitled to relief under Rule 60(b)(4).

**IV.   Plaintiff will be allowed to show whether she is entitled to relief under Rule 60(b)(6).**

Rule 60(b)(6) allows a Court to vacate a final judgment or order for "any other reason that justifies relief."

> The Rule 60(b)(6) "catch-all" provision, on which appellants rely, applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 n. 8 (9th Cir.2002). "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice" and "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir.1993).  A party seeking to re-open a case under Rule 60(b)(6) "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Cmty Dental*, 282 F.3d at 1168.

*Delay*, 475 F.3d at 1044.

///

1    Thus, courts have applied clause 6 in cases where a party has failed to comply with a

2  settlement agreement, *Delay*, 475 F.3d at 1044 n.11, or where a party's counsel, a codefendant, or

3  third-party witness has committed fraud, as clause 3 only applies to adversarial fraud, *McKinney v.*

4  *Boyle*, 404 F.2d 632, 633-34 (9th Cir. 1968), *cert. denied*, 394 U.S. 992 (1969), *rehr'g denied*, 395

5  U.S. 941 (1969).  Courts have also applied clause 6 in cases where a losing party fails to receive

6  notice of the entry of a judgment in time to appeal.  *Rodgers v. Watt*, 722 F.2d 456, 458-61 (9th Cir.

7  1983).  While this last basis might appear to cover plaintiff, who could argue she did not receive the

8  Court's dismissal in a timely manner, persons seeking relief under this basis must show (1) the delay

9  occurred due to circumstances beyond their control and (2) despite their due diligence they did not

10  know about it.  *See id.*  Here, as discussed in detail in part II *supra*, it appears plaintiff caused the

11  delay and was unaware of it due to a complete lack of diligence.  Nonetheless, the Court will

12  provide plaintiff with an opportunity to present evidence that she qualifies for relief under

13  Rule 60(b)(6).

14                                          **CONCLUSION**

15    Accordingly, the Court ORDERS that plaintiff has until 14 days from the date of the entry of

16  this Order to file with the Court a declaration under 28 U.S.C. § 1746 explaining:  (1) why she

17  delayed for over a year in filing her motions to reopen, due to circumstances beyond her control; and

18  (2) why despite her due diligence in prosecuting her matter, she did not know about the Court's

19  dismissal of her matter.  **If plaintiff fails to file this declaration in the time provided, or if the**

20  **declaration fails to establish that plaintiff is entitled to relief under Rule 60(b)(6), then the**

21  **Court will deny her Motion to Reopen Case [Docket No. 21]; Motion to Reopen Case, Motion**

22  **to Set Aside Order [Docket No. 25]; and Motion to Set Aside Judgment [Docket No. 34].**

23

24    IT IS SO ORDERED.

25

26  September 4, 2008                          _Saundra B Armstrong_
                                             _____
27                                             Saundra Brown Armstrong
                                             United States District Judge
28

6

1    UNITED STATES DISTRICT COURT

2    FOR THE

3    NORTHERN DISTRICT OF CALIFORNIA

4

5

6    WATT et al,                                    Case Number: CV05-05234 SBA

7              Plaintiff,                           **CERTIFICATE OF SERVICE**

8      v.

9    ROTH et al,

10             Defendant.
     _____/

11

12   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
     Court, Northern District of California.

13
     That on September 5, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said
14   copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
     envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
15   located in the Clerk's office.

16

17

18   Tanis Jocelyn Watt
     c/o UMPA
19   P.O. Box 213
     Palo Alto,  CA 94302-213

20
     Dated: September 5, 2008
21
                                                    Richard W. Wieking, Clerk
22                                                  By: LISA R CLARK, Deputy Clerk

23

24

25

26

27

28

                                                 7